IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-81,073-01




EX PARTE ZACKARIAH LAMONT JONES, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. A-37,362-A IN THE 70TH DISTRICT COURT
FROM ECTOR COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of violation of a
protective order and sentenced to eighty years’ imprisonment. The Eleventh Court of Appeals
affirmed his conviction. Jones v. State, No. 11-10-00373-CR (Tex. App.—Eastland 2012, pet.
ref’d).
            Applicant contends, among other things, that the State knowingly relied on false or perjured
testimony and that trial counsel failed to interview witnesses, including Lonnie Jones, and raise self-defense.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Chavez, 371 S.W.3d 200 (Tex. Crim. App. 2012); Ex parte Patterson,
993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact. The trial court shall order trial counsel and the State to
respond to Applicant’s claims. The trial court may use any means set out in Tex. Code Crim. Proc.
art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether Applicant’s
due process rights were violated because the State knowingly relied on false or perjured testimony. 
It shall also make findings and conclusions as to whether trial counsel was deficient and Applicant
was prejudiced. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant’s claims for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: April 16, 2014
Do not publish